**In re Paul W. O'BRIEN, Debtor.**

No. 05–21316.

United States Bankruptcy Court, W.D. New York.

March 28, 2007.

C. Bruce Lawrence, Devin L. Palmer, Boylan, Brown, Code, Vigdor & Wilson LLP, Rochester, NY, for Debtor.

## DECISION & ORDER

Hon. JOHN C. NINFO, II, U.S. Bankruptcy Judge.

### BACKGROUND

On March 24, 2005, Paul W. O'Brien (the "Debtor") filed a petition initiating a Chapter 7 case, and Richard P. Vullo, Esq. (the "Trustee") was appointed as his Chapter 7 Trustee.

On his Schedule I, Statement of Current Income, the Debtor indicated that his estimated average monthly income as an investment banker with Capital Formation Group of Rochester ("Capital Formation") was $10,833.00 per month, and the Schedule did not set forth, as required, any information regarding any decrease in his income of more than ten percent that he anticipated might occur within the year following the filing of the Schedule.

On December 11, 2006, the Trustee filed a Motion for Summary Judgment on Turnover Demand (the "Summary Judgment Motion"), which asserted that: (1) a January 27, 2004 Employment Agreement (the "Employment Agreement"), entered into between the Debtor and Capital Formation, provided that the Debtor was to receive an annual gross base salary (the "Base Salary") of $130,000.00, payable in regular installments in accordance with the

Company's general payroll practices, and subject to withholding pursuant to applicable federal, state and local laws; (2) the Employment Agreement also provided for other compensation including a possible annual bonus; (3) on December 20, 2005, subsequent to the filing of his petition, the Debtor received compensation from Capital Formation in the amount of $162,499.95 by the direct deposit into his bank account of fifteen separate deposits of $10,833.33 each; (4) at his Section 341 Meeting of Creditors, the Debtor confirmed that he had received from Capital Formation a regular paycheck of $10,833.33 for the months of January, March, September and November of 2005; and (5) at least eleven of the fifteen $10,833.33 direct deposits were for pre-petition regular installments of Base Salary, and those amounts, less any applicable withholding, should be turned over to the Trustee as Section 541 property of the estate.

In his Response to the Summary Judgment Motion, the Debtor asserted that: (1) as confirmed by an affidavit of its President, Russell J. D'Alba, and notwithstanding the terms of the Employment Agreement, the compensation understanding he had with Capital Formation was that he would only earn and be paid his Base Salary if and when investment banking deals he worked on were closed; (2) that compensation understanding was the general payroll practice of Capital Formation; (3) it was only after a substantial deal closed in December 2005 that he was paid in accordance with that compensation un-

derstanding; and (4) he reported all the amounts he received on December 20, 2005 on his income tax returns as 2005 income.

At the return date of the Summary Judgment Motion: (1) the parties agreed that, at a minimum, the Debtor received a $10,833.33 payment from Capital Formation in the months of January and March 2005 from which it withheld taxes; (2) the attorneys for the Debtor asserted that the Debtor was entitled to an exemption under Section 5205(d)(2) of the New York Civil Practice Law and Rules (the "New York Income Exemption") [1]; and (3) the Trustee indicated that, although he had no direct proof at the time of the return date, he believed that, based upon the Debtor's testimony at his Section 341 Meeting, the Debtor had received additional payments of $10,833.33 in 2005.

## I. *The Employment Agreement*

■ The Court rejects the Debtor's assertion that for purposes of interpreting the Employment Agreement, which the Court does not find to be ambiguous, the general payroll practice of Capital Formation was that his specifically provided for Base Salary would only be earned and paid if investment banking deals he worked on were closed and funds from those deals were received by Capital Formation.

The Employment Agreement is clear that the Debtor is to be paid a Base Salary of $130,000.00 in regular installments, and one-twelfth of that Base Salary is

---

1. § 5205. Personal property exempt from application to the satisfaction of money judgments.

(d) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents: . . .

(2) ninety per cent of the earnings of the judgment debtor for his personal services rendered with sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment[.]

Civil Practice Law and Rules § 5205 (2007).

$10,833.33. The Debtor's own Schedule I confirms his understanding of that agreed compensation since it set forth his monthly income as $10,833.33, and it failed to set forth an explanation as to why .he might not receive those regular monthly installment payments of Base Salary, which he should have set forth if his entitlement to the Base Salary was contingent upon deals closing.

Furthermore, the installments of Base Salary paid to the Debtor by Capital Formation in the amount of $10,833.33 prior to December 20, 2005, and the payments made on December 20, 2005, fifteen payments in the amount of $10,833.33, contradict the Debtor's assertions regarding the general payroll practice of Capital Formation, and support the Trustee's position.

The Debtor, who is an attorney, and Capital Formation could easily have negotiated and executed an employment agreement that specifically provided for the Debtor's Base Salary compensation to be contingent upon performance, but they did not.

Although the timing of the payments to the Debtor of Base Salary from January 2004 through December 2005 indicate that from a cash flow perspective Base Salary was paid to him when deals closed and funds were available, by the terms of the Employment Agreement, the Debtor was legally entitled to a Base Salary of $130,000.00 a year for simply working at and providing services to Capital Formation. Whether Capital Formation would have the ability to pay the Debtor if no deals closed was a collectability issue for the Debtor, not an issue of its liability to pay him Base Salary.

Furthermore, the fact that the Debtor reported the entire $162,499.95 that he was paid in December 2005 on his 2005 income tax returns is most likely because he is a cash basis taxpayer. In view of the terms of the Employment Agreement, that reporting does not prove that the amounts received were income for services rendered by him in 2005, since he was only entitled to a Base Salary of $130,000.00 for 2005 and none of the fifteen direct deposits he received indicated that they were for bonus compensation, reimbursement of expenses or other than Base Salary.

As a result, the Court finds that: (1) the amounts paid on December 20, 2005 were fifteen regular installments of Base Salary in the amount of $10,833.33 each, as provided for in and required by the Employment Agreement; and (2) since the payments were consistent with prior monthly installments of Base Salary paid to the Debtor, they were pursuant to the general payroll practices of Capital Formation.

## II. *The Trustee's Turnover Demand*

### A. *Unresolved Issues*

At the return date of the Summary Judgment Motion, it became clear that there were a number of unresolved issues with regard to the December 20, 2005 payments and the extent to which they were Section 541 property of the Debtor's estate, including that: (1) the Debtor may have received regular installments of Base Salary in 2005 in addition to the undisputed payments he received in January and March of 2005 in the amount of $10,833.33 less applicable withholdings; (2) there was no information on the payroll records of Capital Formation supplied by the Trustee as to whether the fifteen regular installments of Base Salary received by the Debtor on December 20, 2005 were for the oldest or most recent months he was unpaid, so the parties needed to: (a) engage in additional discovery on that issue; and (b) determine whether there was any federal or New York State statutory or case law or regulations as to how payments of

back salary are to be allocated, for example, first to the oldest or first to the most recent unpaid installment periods; and (3) since it was undisputed that the Debtor received regular installments of Base Salary for January and March of 2005, and filed his petition in March of 2005, whether the New York Income Exemption would make exempt all or any portion of any installment of Base Salary that might ultimately be allocated to the month of February 2005.

### B. *Partial Summary Judgment*

Notwithstanding these unresolved issues, at the return date of the Summary Judgment Motion, it was clear to the Court that of the fifteen regular installments of Base Salary paid to the Debtor on December 20, 2005 that, even if nine of the installments were ultimately applied to the post-petition months of April through December of 2005, and one of the installments was applied to the pre-petition month of February of 2005, which could be exempt in whole or in part as discussed above in this Decision & Order, at least five of the regular installments of Base Salary in the amount of $10,833.33 must be allocated to the pre-petition months in 2004 for which the Debtor was not paid.

As a result, the Court indicated at the return date of the Summary Judgment Motion that it would enter this Interim Decision & Order granting partial summary judgment that would require the Debtor to turnover to the Trustee five regular installments of Base Salary in the amount of $10,833.33 each, less any applicable withholding or taxes that must be allocated to the payments, which could be agreed upon by the Debtor and the Trustee or determined later by the Court.

### III. *Status of the Summary Judgment Motion*

At the return date, the Court also indicated that it would adjourn the Summary Judgment Motion so that the parties could: (1) confirm if the Debtor had received any additional regular installments of Base Salary in 2005; (2) address the issue of any New York Income Exemption that might be available to the Debtor; and (3) determine whether there was any applicable federal or New York State statutory or case law or applicable regulation governing the allocation of back salary.

### CONCLUSION

The Debtor shall turnover to the Trustee by April 17, 2007, $54,166.65 (five regular installments of Base Salary in the amount of $10,833.33 each), less any applicable federal, state and local taxes, and any other deductions, as agreed upon by the parties, or the parties shall advise the Court at the April 18, 2007 at 9:30 a.m. adjourned date of the Summary Judgment Motion that they cannot agree on the net payment and the Court will ultimately determine that amount.

The Summary Judgment Motion is adjourned to April 18, 2007 at 9:30 a.m.

**IT IS SO ORDERED.**